**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| RAYMOND D. BUSHNER, | : | Case No. 1:25-cv-501 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | District Judge Susan J. Dlott |
| | : | Chief Magistrate Judge Stephanie K. |
| | : | Bowman |
| CODY BARRETT, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a prisoner who is incarcerated at the Warren Correctional Institution (WCI), filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Cpt. Cody Barrett, Jason Hall, Kevin Chamblin, Kyle Baessler, Lt. Johnathan Saggus, Lt. Braiden Laezier, Sgt. Kevin O'Connor, Officer Kyle Kozlowski, Officer Kaylynn Anderson, and Officer Angel Chambers. (Complaint, Doc. 3 at PageID 100). By separate Order, Plaintiff has been granted leave to proceed *in forma pauperis*. (Doc. 2).

This matter is now before the Court for an initial screen of the Complaint to determine whether it, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

1

I.      **Screening of Complaint**

A.      **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550

2

U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

### B. Plaintiff's Complaint

In his Complaint, Plaintiff alleges that after he conducted a seven-day hunger strike, Dr. Harlan told him that Hall and Chamblin were the causes of all his prison hardships because he filed another § 1983 case in this Court against their friend, Kerner.[1] (Doc. 3 at PageID 103). Hall and Chamblin retaliated against Plaintiff by placing him in a segregated housing unit for attempting to contact a witness in his other § 1983 case. (*Id.* at PageID 102). In addition, Plaintiff was denied access to a toothbrush and toothpaste, despite requesting it from Anderson, Chambers, and

---

[1] The Court takes judicial notice that Plaintiff is currently litigating *Bushner v. Kerner, et al.*, 2:24-cv-1861-DRC-PBS in this Court.

Kozlowski. (*Id.*) Baessler also threatened Plaintiff, telling Plaintiff his situation at WCI would only get worse if he did not voluntarily dismiss his other § 1983 case. (*Id.* at PageID 103).

While in the segregated unit, Plaintiff attempted to commit suicide twice. (*Id.*) Before each attempt, Plaintiff notified Anderson, Chambers, O'Connor, and Barrett that he was having suicidal thoughts. (*Id.*) These prison officials ignored Plaintiff. (*Id.*)

On April 26, 2025, Leazier, Saggus, and Chambers ordered Anderson and Kozlowski to search Plaintiff's cell. (*Id.*) This was a targeted search because Plaintiff is a Muslim. (*Id.*) During the search, Anderson and Kozlowski destroyed Plaintiff's prayer rug, Quran, and clothing. (*Id.* at PageID 104). They also destroyed Plaintiff's legal mail for his other § 1983 case. (*Id.*) The search did not uncover any contraband. (*Id.*) After the search, Plaintiff contacted Anderson, O'Connor, and Barrett to request that they file a Prison Rape Elimination Act (PREA) complaint to allege that prison officials were retaliating against him and taking his religious objects. (*Id.*) Ultimately, it appears Plaintiff filed a grievance concerning these claims. (*Id.*)

Later, Saggus and O'Connor inspected Plaintiff's clearly marked legal mail outside of Plaintiff's presence. (*Id.* at PageID 105). Saggus and O'Connor then gave the legal mail to another inmate to deliver it to Plaintiff. (*Id.*) But during transit, the mail was lost. (*Id.*) When Plaintiff confronted O'Connor about the missing mail, O'Connor became irate and started screaming expletives at Plaintiff. (*Id.*) Because of the lewd nature of O'Connor's comments, Plaintiff filed a PREA complaint against him. (*Id.*) The next day, O'Connor learned of the PREA complaint and ordered Saggus to take Plaintiff's tablet away. (*Id.*) Plaintiff used the tablet to file complaints and grievances against WCI staff. (*Id.*) The next day, Plaintiff stopped Barrett to ask him if he could file a PREA complaint for Plaintiff. (*Id.* at PageID 105-06). Barrett refused, stating that O'Connor was his friend. (*Id.* at PageID 106). Finally, after Plaintiff attempted to commit suicide, O'Connor, Belchur, and Starks used force against Plaintiff to get him back in his cell. (*Id.*) When these officers

4

left, they did not file a use of force report. (*Id.*)

For relief, Plaintiff seeks monetary damages and injunctive relief.  (*Id.* at PageID 138).

**C.      Analysis**

Based on the allegations in the Complaint, Plaintiff states that he is raising the following claims:

Claim 1      First Amendment access to the courts claim against Defendants Leazier, Saggus, Chambers, Anderson, and Kozlowski for destroying his legal mail for his other § 1983 case during a cell search.

Claim 2      First Amendment retaliation claim against Defendants Hall, Chamblin, Anderson, Chambers, Kozlowski, Barrett, and Baessler for retaliating against Plaintiff because he was litigating another § 1983 case against their friend— Kerner—or sought to file prison grievances and PREA complaints.

Claim 3      First Amendment free exercise claim against Leazier, Saggus, Chambers, Anderson, and Kozlowski for intentionally targeting and destroying Plaintiff's personal religious items, without which Plaintiff could not practice his religion.

Claim 4      First Amendment legal mail claim against Defendants Saggus and O'Connor because they opened Plaintiff's clearly marked legal mail outside his presence and gave the mail to another inmate for delivery.

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that Plaintiff may proceed with the following claims against the listed Defendants in their individual capacities only: Claim 2 (retaliation claim against Defendants Hall, Chamblin, Anderson, Chambers, Kozlowski, Barrett, and Baessler); Claim 3 (free exercise claim against Defendants Leazier, Saggus, Chambers, Anderson, and Kozlowski); and Claim 4 (legal mail claim against Defendants Saggus and O'Connor). Plaintiff's claims against these Defendants are deserving of further development and may proceed at this juncture.[2] For the following reasons, the remaining claim—Claim 1—should be dismissed under 28 U.S.C. § 1915(e)(2).

---

[2] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor are any Defendants precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.

Official Capacity Claims

To the extent Plaintiff raises claims against any Defendant in his or her official capacity, they must be dismissed as Plaintiff seeks monetary damages. It is unclear if Plaintiff has named all Defendants in their individual and official capacities. (*See generally* Complaint, Doc. 3). Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982). The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)). Therefore, the Complaint should be **DISMISSED** as to all Defendants in their official capacities.

Claim 1: Denial of Access to the Courts Claim

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). This right "requires prison authorities to assist inmates in the preparation and filing of

meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). This right, however, "guarantees no particular methodology but rather the conferral of a capability—the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356.

To establish a violation of the right of access to the courts, a prisoner must establish that he or she has suffered an actual injury, which is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *See id.* at 349. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348. The right of access to the courts is limited to nonfrivolous direct criminal appeals, habeas corpus proceedings, and § 1983 actions. *Id.* at 353 n.3, 354-55.

Plaintiff fails to state a colorable denial of access to the courts claim in Claim 1 of the Complaint. He alleges that Defendants Leazier, Saggus, Chambers, Anderson, and Kozlowski were involved in the destruction of "irreplaceable" legal mail in his other § 1983 case. The destruction of the mail occurred during a search of Plaintiff's cell. But Plaintiff does not claim that he suffered an actual injury because of the loss of his legal mail. He does not allege that he missed a deadline or was otherwise unable to pursue his other § 1983 case. Therefore, the Court **RECOMMENDS** that Claim 1 be dismissed without prejudice.

## II. Conclusion and Service of Process

Accordingly, at this stage of the proceedings, Plaintiff may proceed with the following claims: Claim 2 (retaliation claim against Defendants Hall, Chamblin, Anderson, Chambers, Kozlowski, Barrett, and Baessler); Claim 3 (free exercise claim against Defendants Leazier, Saggus, Chambers, Anderson, and Kozlowski); and Claim 4 (legal mail claim against Defendants Saggus and O'Connor).

Plaintiff submitted Summons and Marshal forms with his Complaint. (Doc. 1-3; Doc. 1-4). The United States Marshal Service is **DIRECTED** to serve a copy of the Summons, the Complaint, the Order granting Plaintiff *in forma pauperis* status, and this Order and Report and Recommendation on Defendants, with costs of service to be advanced by the United States. Service of process shall proceed as directed above. Plaintiff is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Claim 2 against Defendants Hall, Chamblin, Anderson, Chambers, Kozlowski, Barrett, and Baessler, Claim 3 against Defendants Leazier, Saggus, Chambers, Anderson, and Kozlowski, and Claim 4 against Defendants Saggus and O'Connor **PROCEED** beyond screening while Claim 1 be **DISMISSED without prejudice** pursuant to 28 U.S.C§§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: April 2, 2026

s/Stephanie K. Bowman
**STEPHANIE K. BOWMAN**
**United States Chief Magistrate Judge**

**NOTICE REGARDING OBJECTIONS**

Under Fed. R. Civ. P. 72(b) any party may serve and file specific, written objections to this Report & Recommendation (R&R) within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an

8

extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).